IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>801 Market Street, Penthouse Suite 1300<br>Philadelphia, Pennsylvania 19107<br><br>        Plaintiff,<br><br>        v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a Amtrak<br>30th & Market Sts.<br>Philadelphia, Pennsylvania 19104<br><br>        Defendant. | CIVIL ACTION NO.<br><br><u>COMPLAINT</u><br><br><u>JURY TRIAL DEMAND</u> |

## NATURE OF THE ACTION

The U.S. Equal Employment Opportunity Commission (hereinafter "the EEOC," "the Commission," or "Plaintiff") brings this action against the National Railroad Passenger Corporation (hereinafter "Amtrak" or "Defendant") under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Equal Pay Act of 1963 ("the EPA") to remedy sex discrimination and retaliation against Sheila Davidson, a longstanding Amtrak human resources manager assigned to 30th Street Station in Philadelphia, who served for many years as a Human Resources Regional Director. As is alleged with greater particularity in paragraphs 9 and 13 below, while Ms. Davidson was a Human Resources Regional Director, Defendant engaged in a longstanding pattern of discrimination against her in violation of Title VII by suppressing her pay while giving her a greater workload than it gave to her two male counterparts, also Human Resources Regional Directors. Ms. Davidson continues to suffer the effects of the discriminatory suppression of her wages in her current position, Director of Workforce Planning. Also,

Defendant has retaliated against Ms. Davidson in violation of the EPA and Title VII, by excluding her from senior staff meetings because she filed a charge of discrimination with the Commission.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705, 29 U.S.C. § 215(a)(3), 216(c) and 217, as well as pursuant to Sections 706(f)(1), (3) and 707 of Title VII, as amended, 42 U.S.C. §§ 2000e-3(a), and 2000e-5(f)(1), (3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation, and enforcement of, <u>inter alia</u>, the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Sections 706(f)(1), (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1), (3).

4. At all relevant times, Defendant has continuously been a Corporation doing business in the State of Pennsylvania and the City of Philadelphia, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) or has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r), (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, on or about February 2, 2007, Sheila Davidson filed a charge with the Commission, Charge No. 530-2007-01552, alleging violations of Title VII and the EPA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled. After the parties participated in the Commission's investigation, the Commission issued a Letter of Determination notifying Defendant that there was reasonable cause to believe that it had violated Title VII and the EPA by engaging in sex discrimination against Ms. Davidson based on her wages and the sex-based disparity in her workload, and by retaliating against her for having filed her EEOC charge. The EEOC then endeavored to eliminate the unlawful employment practices through informal methods of

conciliation, conference, and persuasion. After these efforts were unsuccessful, the EEOC so notified the parties and proceeded with the commencement of this lawsuit.

## COUNT I
### (Sex-Based Disparate Treatment in Violation of Title VII)

9. Since at least January 2001, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically:

(a) From at least 2001 to the present, Defendant engaged in a continuous practice of suppressing Ms. Davidson's wages because of her gender. From 2001 through 2006, when she held the position of Human Resources Regional Director, Defendant refused to pay her more than her male counterparts, Human Resources Regional Directors John Miller and Timothy Duffy, despite being assigned a significantly heavier workload than theirs and despite having equal or greater experience than theirs. While refusing to pay Ms. Davidson more than her male counterparts despite her greater workload, Defendant increased the males' salaries to either match or exceed what she had earned in the position of Human Resources Regional Director. After Ms. Davidson was laterally transferred to the position of Director of Workforce Planning in 2006, she continued to suffer the discriminatory effects of the pay scheme imposed upon her in her previous position, and at present she continues to suffer this discrimination in pay and associated benefits.

(b) From at least 2000 to 2006, Defendant engaged in a continuous practice of subjecting Ms. Davidson to sex-based unequal terms and conditions of employment in the position of Human Resources Regional Director by continuously imposing upon Ms. Davidson a far heavier workload than that given to the male Human Resources Regional Directors, John Miller and Timothy Duffy, during this same time period, while refusing to provide Ms. Davidson any greater compensation than theirs.

Through the practices complained of in paragraph 9, Defendant has discriminated against Ms. Davidson because of sex with respect to her compensation and terms and conditions of employment

10. The effect of the practices complained of in paragraph 9 has been to deprive Ms. Davidson of equal employment opportunities and to otherwise adversely affect her status as an employee because of sex.

11. The unlawful employment practices complained of in paragraph 9 were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or reckless indifference to the federally protected rights of Ms. Davidson.

COUNT II
(Retaliation in Violation of Title VII and the EPA)

13. Since February 2007, Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), and Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). Specifically, Defendant has excluded Ms. Davidson from senior staff meetings in which she would have participated but for filing her charge of discrimination. Defendant subjected Ms. Davidson to such adverse employment actions because she engaged in protected activities, including filing and maintaining an EEOC Charge, as well as participating in the investigation of that Charge.

14. The effect of the practices complained of in paragraph 13 above has been to deprive Ms. Davidson of equal employment opportunities and to otherwise adversely affect her status as an employee because she has engaged in protected activities under Title VII and the EPA.

15. The unlawful employment practices complained of herein were intentional.

16. The unlawful employment practices complained of herein were willful.

17. The unlawful employment practices complained of herein were done with malice or reckless indifference to the federally protected rights of Ms. Davidson.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against females with respect to their compensation and terms and conditions of employment, and from engaging in retaliation against employees who oppose practices made unlawful by Title VII and the EPA;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women with regard to pay and terms and conditions of employment and eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Ms. Davidson by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, and by providing her any other relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make whole Ms. Davidson by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 9 and 13, in amounts to be determined at trial.

E. Order Defendant to make whole Ms. Davidson by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 9 and 13, including emotional pain, suffering, inconvenience, loss of enjoyment of life, frustration, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Ms. Davidson liquidated damages for its willful conduct described in paragraphs 9 and 13 above, in amounts to be determined at trial.

G.  Order Defendant to pay Ms. Davidson punitive damages for its malicious and/or reckless conduct described in paragraphs 9 and 13 above, in amounts to be determined at trial.

H.  Grant such further relief as this Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_/s/_
DEBRA M. LAWRENCE
Regional Attorney
Philadelphia District Office

_/s/ by DML_
MARIA LUISA MOROCCO
Supervisory Trial Attorney
Philadelphia District Office

_/s/_
PHILIP M. KOVNAT
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Penthouse Suite 1300
Philadelphia, Pennsylvania 19107
(215) 440-2814